IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ISHMAEL A. EVANS | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv97 |
| BRYAN COLLIER, ET AL. | § | |

O R D E R

It is not always easy to determine whether a complaint written by a person unfamiliar with the rules of court lacks merit simply by examining it. This court is charged, therefore, with the duties of construing pleadings of a *pro se* plaintiff liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), and closely scrutinizing complaints filed *in forma pauperis* to determine whether any defendants or claims should be dismissed as frivolous or fails to state a claim upon which relief may be granted. *See Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). This court uses a number of methods to develop the facts behind a complaint. One method of factual development is to send a prisoner a questionnaire that requires him to provide additional details behind the facts and his claims. *See Cay*, 789 F.2d at 318; *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976).

In the present action, the undersigned magistrate judge has concluded, following an examination of plaintiff's complaint, that it is appropriate for plaintiff to submit an amended pleading, specifying definite acts and incidents. It is therefore

**ORDERED** that the plaintiff shall have twenty (20) days from the date of this order to file an amended pleading that contains a more detailed factual discussion explaining his basis of recovery. This amended pleading shall specifically respond to the following questions:

1. How has plaintiff been harmed by the alleged inadequate law library system? State specifically whether any action has been dismissed or if you have been prevented from filing any action.

2. If you claim to have been prejudiced, state specifically the nature of the action in which you were prejudiced, state how you were prejudiced, the cause number and style of the action, the name of the court, the reason for dismissal, and the date of the court's decision in the action.

3. If plaintiff's complaint concerns a criminal action, state whether plaintiff is or was represented by either retained or court-appointed counsel.

In filing this amended pleading, the plaintiff should be sure that he states specific individuals involved in his claim, specific institutional policies, if any, followed by individuals who injured him and also that he clearly sets forth the harm which he suffered as a result of each incident for which he is complaining.

Failure by the plaintiff to file an amended pleading which complies with this order may lead to a recommendation that the lawsuit be dismissed, with or without prejudice, for failure to prosecute or to obey any order of the Court. *See* Rule 41(b), Fed. R. Civ. P.

SIGNED this 16th day of March, 2022.

_____
Zack Hawthorn
United States Magistrate Judge